## COCHRAN *v.* THE STATE.

Evidence showing that the accused was an officer of a social club, that gaming with cards for money was carried on in a room thereof, that portions of the losses in the games played were appropriated to the use of the club,

and that the accused knowing these facts collected and received the same for its benefit, was sufficient to warrant a verdict finding him guilty of keeping a gaming-house.

Submitted October 12, — Decided November 15, 1897.

Indictment for keeping gaming-house. Before Judge Norwood. City court of Savannah. May term, 1897.

*George W. Owens*, for plaintiff in error.
*W. W. Osborne, solicitor-general,* contra.

Fish, J. By special presentment H. D. Lowry and C. P. Cochran were charged with keeping and maintaining a gaming-house, in August, 1896. They were found guilty; and upon Cochran's motion for a new trial being overruled, he excepted. The motion alleged that the verdict was contrary to law, the evidence, and the charge of the court. It appears that the Acme Club was a social organization, chartered by the superior court of Chatham county; that Lowry was controller or manager, and Cochran was vice-president and had charge of the club during the summer of 1896 during the absence of the president. Four witnesses, introduced by the State, testified, in substance, that they were members of the club; that they and others frequently played poker and other games of cards for money in the rooms of the club, during August, 1896, and prior to that time; that chips, worth two and a half cents each, were used in the games, and, before going into a game, each player had to buy from the club a dollar's worth of these chips; that whenever one of certain kinds of hands was held by a player, two chips were taken from the pot for the "kitty," a receptacle into which the two chips were dropped through a hole in the table, and at the close of the game the contents of the "kitty" were taken therefrom by Lowry and Cochran for the club; and that liquors and beer were kept, which the members of the club could buy. Another witness for the State, a special constable sworn in to arrest the accused, testified that he saw Cochran and others playing cards for money in the club-room, and saw Cochran get up and get liquor for the others. The evidence for the defendant was, in brief, that while the members of the club were allowed to play cards and other

games in the clubrooms, it was contrary to the rules to play for money or other things of value; that chips were furnished for counters only; that there was no "kitty"; that neither Lowry nor Cochran was paid as an officer, or derived any pecuniary benefit from being a member of the club; and that there was but one occasion when gambling occurred at the club, and the participants in that game were the witnesses who had testified for the State, with the exception of the special constable, and that they were at once expelled, as members, from the club. The jury evidently believed the witnesses for the State, and according to their testimony the accused were guilty of keeping and maintaining a gaming-house. They were the managing officers of the club, and were present, knowingly aiding and abetting the gambling in its rooms, engaging in such acts, it seems, as the keeper of any gaming-house would perform in maintaining an establishment of that character. As the offense is a misdemeanor, all who participated in it were principals. The court below did not err in refusing to grant Cochran a new trial.

*Judgment affirmed. All the Justices concurring.*